# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40589
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOEL MELO-CEDANO, Also Known as Joel Melo-Serrano,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-741-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joel Melo-Cedano appeals his conviction of illegal reentry in violation of
8 U.S.C. § 1326(a) and (b).  He challenges the constitutionality of § 1326, claim-
ing that "[o]rganic principles of American law (the law of nations) prohibits
[*sic*] Congressional *criminalization* of America's borders."  He maintains that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-40589

"[c]riminalizing borders is anathema to the law of nations (an organic part of America's common law)." He posits that § 1326 is unconstitutional as applied to him because he was under the impression that he could apply for adjustment of status only from within the United States. The government has moved for summary affirmance in lieu of filing an appellate brief or, alternatively, for an extension of time to file its brief. Melo-Cedano has moved to file an untimely response to the motion for summary affirmance.

Because Melo-Cedano did not present the foregoing issues to the district court, our review is limited to plain error. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1015 (2015). To establish plain error, Melo-Cedano must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Melo-Cedano has not shown any clear or obvious error with respect to the constitutionality of § 1326. *See United States v. Comstock*, 560 U.S. 126, 135-36 (2010); *Puckett*, 556 U.S. at 135. In addition, "the crime of illegal reentry is not a specific intent crime, and a mistake of law is thus not a defense." *United States v. Flores-Martinez*, 677 F.3d 699, 712 (5th Cir. 2012). Accordingly, Melo-Cedano's as-applied challenge to the constitutionality of § 1326 is insufficient to show error, plain or otherwise. *See id.*; *Puckett*, 556 U.S. at 135.

The motion for summary affirmance is DENIED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). The government's alternative motion for an extension of time to file its brief is DENIED as unnecessary. Melo-Cedano's motion to file an untimely response is GRANTED. The judgment is AFFIRMED.